UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ORNALD BURNAZI,

                          Plaintiff,

          -against-

CITY OF NEW YORK, SERGEANT "John" PRIMUS, Tax Id. 548255, and John and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Ornald Burnazi ("plaintiff") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Sgt. "John" Primus, Shield No. 13223 ("Primus") at all times relevant herein, was an officer, employee and agent of the NYPD. Primus is sued in his individual capacity.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacity.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 5:15 a.m. on October 14, 2017 plaintiff was lawfully driving northbound on the Whitestone Bridge in Queens, NY when he was rear-ended. As a result, plaintiff struck a second car.

14. Plaintiff called the police.

15. When the police arrived, they requested plaintiff's license and registration. Plaintiff complied.

16. Plaintiff was removed from his car and took a breathalyzer. The breathalyzer revealed that plaintiff had not been drinking alcohol.

17. Unsatisfied the officer asked plaintiff to re-take the breathalyzer numerous additional times. The results did not change.

18. Nevertheless, plaintiff was put in handcuffs and taken into custody.

19. Plaintiff, experiencing pain to his back and general asked to be taken to a hospital.

20. Plaintiff was examined and treated at Queensboro Hospital.

21. Plaintiff went to Queens Central Booking.

22. Plaintiff was arraigned and charged with driving under the influence of alcohol. The defendants falsely claimed that plaintiff refused to take a breathalyzer test.

23. Plaintiff's drivers license was suspended.

24. Plaintiff returned to court on November 28, 2017 and all charges against him were dismissed on motion from the district attorney.

25. On October 8, 2018 plaintiff appeared at the Department of Motor Vehicle for a hearing to determine whether his license would be returned.

**26.** At the conclusion of the hearing plaintiff's license was returned because there was "insufficient evidence" that plaintiff refused to take a breathalyzer.

### FIRST CLAIM

### False Arrest

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### SECOND CLAIM

## Malicious Prosecution

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

32. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

33. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## THIRD CLAIM

### Denial Of Constitutional Right To Fair Trial

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The individual defendants created false evidence against Plaintiff.

36. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

37. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FOURTH CLAIM**

### **Failure To Intervene**

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Those defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

41. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

45. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

46. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

47. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior

48. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct

49. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this court deems just and proper.


DATED:   July 30, 2018
         New York, New York

/s
Robert Marinelli
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*